# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| CHERYL BONYGNE,<br>Plaintiff, | Case No. 1:18-cv-614<br>Dlott, J.<br>Litkovitz, M.J. |
| vs. | |
| CMFG LIFE INSURANCE CO.,<br>Defendant. | **REPORT AND<br>RECOMMENDATION** |

Plaintiff Cheryl Bonygne brings this diversity action against defendant CMFG Life Insurance Company ("CMFG") alleging claims of breach of contract, fraud, insurance bad faith, and equitable estoppel for its alleged failure to pay death benefits owed to her as a beneficiary under a life insurance policy. (Doc. 1). This matter is before the Court on defendant's motion for judgment on the pleadings with respect to Count 4 of plaintiff's complaint. (Doc. 5). Plaintiff did not file a response in opposition to defendant's motion.

Defendant moves to dismiss plaintiff's Count 4 claim for equitable estoppel because it is not a cognizable cause of action under any potentially applicable law. (Doc. 5 at 2). Defendant argues that although choice of law issues may exist in this case,[1] the Court need not engage in a choice of law analysis for purposes of this motion because neither the laws of Michigan nor Ohio recognize equitable estoppel as a viable cause of action. (*Id.* at 3).

Courts apply the same analysis to motions for judgment on the pleadings under Rule 12(c) as they apply to motions to dismiss under Fed. R. Civ. P. 12(b)(6). *See Warrior Sports, Inc. v. Nat'l Collegiate Athletic Ass'n*, 623 F.3d 281, 284 (6th Cir. 2010). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving

---

[1] Defendant believes Michigan law applies and cites several reasons in support. (Doc. 5 at 2-3 n.1).

party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 582 (6th Cir. 2007) (internal citation and quotation marks omitted)). To withstand a Rule 12(c) motion for judgment on the pleadings, "a complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory." *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007).

The Court finds defendant's motion to be well-taken. "The purpose of equitable estoppel is to prevent actual or constructive fraud and to promote the ends of justice. It is available only in defense of a legal or equitable right or claim made in good faith. . . ." *Doe v. Archdiocese of Cincinnati*, 849 N.E.2d 268, 278-79 (Ohio 2006) (internal quotation omitted). Thus, as defendant correctly asserts, Ohio law views equitable estoppel as a defense rather than a viable legal claim. *First Fed. Sav. & Loan Ass'n of Toledo v. Perry's Landing, Inc.*, 463 N.E.2d 636, 647 (Ohio Ct. App. 1983) ("estoppel is . . . a shield, not a sword. It does not furnish a basis for damages claims, but a defense against the claim of the stopped party"); *see also Ford Motor Credit Co. v. Ryan*, 939 N.E. 2d 891, 921 (Ohio Ct. App. 2010) ("equitable estoppel does not constitute a cause of action"). Likewise, under Michigan law, equitable estoppel does not constitute a viable cause of action. *Casey v. Auto Owners Ins. Co.*, 729 N.W.2d 277, 285 (Mich. Ct. App. 2006) ("It is well established under Michigan law that equitable estoppel is not a cause of action unto itself; it is available only as a defense."). Accordingly, because plaintiff's Count 4 equitable estoppel claim sets forth no viable legal theory under Michigan or Ohio law, it is **RECOMMENDED** that defendant's motion to dismiss Count 4 of plaintiff's complaint (Doc. 5) be **GRANTED**.

Date: 6/27/19

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CHERYL BONYGNE,
    Plaintiff,

vs.

CMFG LIFE INSURANCE CO.,
    Defendant.

Case No. 1:18-cv-614
Dlott, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).